IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| HUCK CONSTRUCTION & DEVELOPMENT CORP INC | : | CASE NO: 26-21478-JRS |
| Debtor | : | |

EMERGENCY MOTION FOR ENTRY OF AN INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING AND REQUEST FOR EXPEDITED HEARING

COMES NOW, Huck Construction & Development Corp Inc (the "Debtor"), pursuant to Section 363 of Chapter 11 of Title 11 of the US Code, 11 U.S.C § 363 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and files this Motion for Entry of an Interim Order Authorizing the Use of Cash Collateral and Scheduling a Final Hearing, substantially in the form attached hereto as EXHIBIT B ("Proposed Order") and Request for Expedited Hearing ("Motion"). In support thereof, the Debtor shows as follows:

Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C §1334. This is a core proceeding pursuant to 11 U.S.C § 157(b). Venue of this proceeding is proper in this Court pursuant to 11 U.S.C §§ 1408 and 1409.

2. The relief requested in this Motion is based on Sections §§ 105,361,363, and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

Background

3. On September 11, 2026 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and has continued in possession of its property and management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of

unsecured creditors has been appointed and no request for the appointment of a trustee or examiner has been made.

4. The Debtor is a Georgia corporation with its office located at 5665 North Commerce Ct, Suite 1, Alpharetta, GA 30004. John Roberts is its CEO/President.

5. The Debtor generates approximately $105,000 per month in income which is deposited in accounts with Citizens Bank of Georgia (Checking and Savings) and subsequent DIP accounts.

6. At the time of the filing, Debtor had $95,067.13 in its checking account.

7. At the time of the filing, Debtor had $10.06 in its savings account.

8. At the time of filing, Debtor had accounts receivables in the amount of $1,092,721.26. Of that amount, $1,092,040.85 are more than 90 days past due ("90+ ARs"). Further, in each of the 90+ ARs, there is active litigation against the Debtor. Debtor estimates, that after counterclaims, payment of materialman's liens, and costs of litigation, these claims are unlikely to generate any net positive income or value to the Debtor. The only receivable with potential practical value is the account with RFT Properties Buford, LLC ("RFT") in the amount of $36,617.63. However, even that receivable is subject to dispute with RFT having offered $15,000 in settlement of the dispute.

9. Upon information and belief, Retail Capital LLC dba Credibly ("Credibly") might assert a <u>first</u> priority security interest in cash collateral on <u>accounts receivable only</u> pursuant to its UCC-1 filed on May 15, 2024 (007-2024-024129). However, Debtor paid off its debt to Credibly on January 27, 2025, therefore there is no debt for any lien to attach.

10. Upon information and belief, CT Corp Systems,[1] as representative would assert a

[1] Debtor has contacted CT Corp System to obtain the name of the creditor but has been refused that information. Debtor believes that this may be an obligation owed to HEADWAY CAPITAL with a balance of $21,350.52.

second priority security interest in cash collateral on "accounts" and "payment intangibles" pursuant to its UCC-1 filed on February 3, 2025 (007-2025-004828). However, neither CT Corp Systems nor the company it represents has filed a deposit account control agreement with Citizens Bank of Georgia, therefore its security interest against Debtor's bank accounts are unperfected. *See In re Palisades at W. Paces Imaging Ctr., LLC*, 501B.R. 896, 911 (Bankr. N.D. Ga. 2013) (excluding bank accounts from a secured creditor's collateral "because perfection in a deposit account can only be made by a deposit control agreement executed in accordance with O.C.G.A. §§ 11-9-104, 1-9-314"). Further, the use of the phrase "payment intangibles" is insufficient to perfect a lien against Debtor's accounts receivable. *See OCGA 11-9-102(43) (excluding "accounts" from "general intangibles.")*. Accordingly, CT Corp Systems does not have a valid lien that prevents the use of cash collateral.

11. Upon information and belief, CT Corp Systems[2], as representative would assert a second priority security interest in cash collateral on "accounts" and "payment intangibles" pursuant to its UCC-1 filed on September 2, 2025 (007-2025-040672). However, neither CT Corp Systems nor the company it represents has filed a deposit account control agreement with Citizens Bank of Georgia, therefore its security interest against Debtor' s bank accounts are unperfected. *See In re Palisades at W. Paces Imaging Ctr., LLC*, 501B.R. 896, 911 (Bankr. N.D. Ga. 2013) (excluding bank accounts from a secured creditor's collateral "because perfection in a deposit account can only be made by a deposit control agreement executed in accordance with O.C.G.A. §§ 11-9-104, 1-9-314"). Further, the use of the phrase "payment intangibles" is insufficient to perfect a lien against Debtor's accounts receivable. *See OCGA 11-9-102(43) (excluding "accounts" from "general intangibles.")*. Accordingly, CT Corp Systems does not have a valid lien that prevents the use of cash collateral.

12. Upon information and belief, CT Corp Systems[3], as representative would assert a

---

[2] Debtor has contacted CT Corp System to obtain the name of the creditor but has been refused that information. Debtor believes that this may be an obligation owed to TERRAPIN BUSINESS FUNDING, LLC with a balance of $48,076.92.

[3] Debtor has contacted CT Corp System to obtain the name of the creditor but has been refused that information. Debtor believes that this may be an obligation owed to TERRAPIN BUSINESS FUNDING, LLC with a balance of $19,841.24.

third priority security interest in cash collateral on "accounts" and "payment intangibles" pursuant to its UCC-1 filed on October 21, 2025 (007-2025-048752). However, neither CT Corp Systems nor the company it represents has filed a deposit account control agreement with Citizens Bank of Georgia, therefore its security interest against Debtor's bank accounts are unperfected. *See In re Palisades at W. Paces Imaging Ctr., LLC*, 501B.R. 896, 911 (Bankr. N.D. Ga. 2013) (excluding bank accounts from a secured creditor's collateral "because perfection in a deposit account can only be made by a deposit control agreement executed in accordance with O.C.G.A. §§ 11-9-104, 1-9-314"). Further, the use of the phrase "payment intangibles" is insufficient to perfect a lien against Debtor's accounts receivable. *See OCGA 11-9-102(43) (excluding "accounts" from "general intangibles.")*. Accordingly, CT Corp Systems does not have a valid lien that prevents the use of cash collateral.

13. Upon information and belief, CT Corp Systems[4], as representative would assert a fourth priority security interest in cash collateral on "all deposit accounts" and "ARs and other receivables" pursuant to its UCC-1 filed on May 27, 2026 (007-2025-023438). However, neither CT Corp Systems nor the company it represents has filed a deposit account control agreement with Citizens Bank of Georgia, therefore its security interest against Debtor's bank accounts are unperfected. *See In re Palisades at W. Paces Imaging Ctr., LLC*, 501B.R. 896, 911 (Bankr. N.D. Ga. 2013) (excluding bank accounts from a secured creditor's collateral "because perfection in a deposit account can only be made by a deposit control agreement executed in accordance with O.C.G.A. §§ 11-9-104, 1-9-314"). Accordingly, CT Corp Systems does not have a valid lien against Debtor's bank accounts, but does have a valid lien against Debtor's accounts receivable which might be worth $15,000.

14. Upon information and belief, the creditors secured by cash collateral ("Creditors") will assert that the income and funds held in the accounts with Citizens Bank of

[4] Debtor has contacted CT Corp System to obtain the name of the creditor but has been refused that information. Debtor believes that this may be an obligation owed to SQ ADVANCE with a balance of $20,349.12.

Georgia, subsequent DIP accounts and Debtor's accounts receivable, are "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

15. In order to effectively reorganize, the Debtor must have access to cash to pay the operating expenses of the Business. If the Debtor does not have authority to use its available cash to maintain insurance, pay utilities, pay its employees and maintain the property needed in the operation of its business, the debtor will be unable to continue its business operations to the detriment of the estate and its creditors.

<u>Relief Requested</u>

16. The Debtor, after conducting an interim hearing on the Motion, seeks the entry of an order pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b): (a) authorizing the Debtor to use cash collateral pursuant to the proposed budget attached to this Motion ("Budget")(Exhibit A) and; (b) scheduling a final hearing on the Motion. In accordance with Bankruptcy Rule 4001, the following are the Debtors proposed terms for the use of cash collateral:

a) <u>Purpose</u>: Cash Collateral will be used to pay all operating expenses of the Business including, but not limited to, insurance, utilities, supplies, inventory and payroll.

b) <u>Use of Cash Collateral:</u> Cash Collateral will be used only pursuant to the terms of the Budget during the period following entry of the Interim Order until earlier of: (i) 30 days following entry of the Interim Order; (ii) conversion of the case to Chapter 7 or dismissal of the case; or (iii) Debtor's material violation of the terms of the Interim Order, including failure to comply with the Budget (plus a ten percent variance per category).

c) <u>Adequate Protection:</u> As adequate protection for the cash collateral expended

pursuant to the Interim Order, Creditors shall be given replacement liens, to the same extent and validity of those liens that presently exist in the same order of priority as existed pre-petition.

## Basis for Relief Requested

17. The Debtor's use of the cash collateral is essential to the continuing operation of the Business and for an effective reorganization. If Debtor does not have the authority to use their available cash to pay operating expenses of the Business, the Business will cease operating, the Business will be significantly harmed, and the estate and creditors will be negatively affected. The Debtor does not propose to use the cash collateral to pay any creditors any amounts due and owing pre-petition with the exception of curing any executory contract necessary for the operation of the Business.

18. Section 363(e) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless each entity with an interest in such cash collateral consents or the Court authorizes such use, sale of lease. Section 363(e) provides that the Court shall condition such use of cash collateral as is necessary to provide adequate protection of such interests, Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor in possession has the burden of proof on the issue of adequate protection.

19. The Debtor requests authority to use cash collateral for the purposes and amounts set forth in the proposed budget attached hereto as Exhibit A, plus a variance not to exceed 10% per month per category, whichever is greater. In accordance with Section 363(e), the proposed Interim Order provides that adequate protection will be provided to Creditor to the extent of any diminution in value of its pre-petition collateral through replacement liens.

a. The Debtor submits that the debt to Retail Capital LLC dba Credibly

("Credibly") has been paid in full, thus, it does not have an interest in cash collateral.

b. The Debtor submits that the debt to CT Corp Systems as representative (believed to be Headway Capital with an associated debt of $21,350.52) is not secured by cash collateral.

c. The Debtor submits that the debt to CT Corp Systems as representative (believed to be Terrapin Business Funding with an associated debt of $48,076.92) is not secured by cash collateral.

d. The Debtor submits that the debt to CT Corp Systems as representative (believed to be Terrapin Business Funding with an associated debt of $19,841.24) is not secured by cash collateral.

e. The Debtor submits that the debt to CT Corp Systems as representative (believed to be SQ Advance with an associated debt of $20,349.12) may be secured by accounts receivables which might be worth $15,000.

Request for Immediate Interim Relief

20. Pending the Final Hearing, the Debtor requires immediate use of cash collateral to meet its obligations. It is essential that the Debtor maintain consistent operations and resume paying for ordinary, post-petition operating expenses to minimize any damage caused by the filing. Without immediate use of cash collateral, the Debtor will be unable to pay ongoing operating expenses. Accordingly, if interim relief is not granted, the Debtor's assets will immediately and irreparably be jeopardized to the detriment of the Debtor, the estate, creditors, and other parties of interest.

21. The Debtor requests the Court to schedule an Interim Hearing as soon as practicable to consider the Debtor's request for use of cash collateral. Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for use of cash collateral during the 15-day period following the filing of a motion for use of cash collateral in such amounts as is necessary

to avoid irreparable harm to the estate pending a final hearing. In considering requests for interim relief courts apply the same business judgment standard applicable to other business decisions.

22. For the reasons explained above, the Debtor believes that granting the relief requested is appropriate and in the best interest of the estate.

Notice

23. Notice of this Motion has been provided to the Office of the US Trustee, the lenders, and any other creditor who has filed liens on the assets sought. In light of the interim nature of the relief requested, the Debtor submits that such notice is adequate under the circumstances.

WHEREFORE, the debtor prays for the entry of an order authorizing the debtor to use cash collateral in the amount and in the manner consistent with this motion and for such other relief as may be just and proper.

This 11th day of September 2026.


| | |
|---|---|
| THE FALCONE LAW FIRM, P.C.<br>363 Lawrence Street<br>Marietta, GA 30060<br>(770) 426-9359<br>imf@falconefirm.com | */s/ IAN M. FALCONE*<br>Ian M. Falcone<br>Georgia Bar No. 254470<br>Attorney for Debtor |

EXHIBIT A

MONTHLY BUDGET

**Company Name: Huck Construction and Development**

| BEGINNING NET BANK BALANCE | | | Projected Cash Flow | |
|---|---|---|---|---|
| **Periods Months** | **Sept 26** | **Oct 26** | **Nov 26** | **Month 4** |
| **Estimated income** | **$ 393,333.00** | **$ 443,333.00** | **$ 333,333.00** | |
| | | | | |
| **USE OF CASH** | | | | |
| Payroll (Officers) | $ 15,224.96 | $ 15,224.96 | $ 15,224.96 | |
| Payroll (Non-Officers) | $ 38,095.00 | $ 38,095.00 | $ 38,095.00 | |
| Payroll taxes | $ 13,228.00 | $ 13,228.00 | $ 13,228.00 | |
| Subcontractors | $ 237,420.06 | $ 287,787.94 | $ 194,333.84 | |
| Materials | $ 49,672.00 | $ 48,545.90 | $ 32,000.00 | |
| Rent/Mortgage | $ 12,900.00 | $ 12,900.00 | $ 12,900.00 | |
| Utilities | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | |
| Dues & Subscriptions | $ 2,148.00 | $ 2,148.00 | $ 2,148.00 | |
| Advertising/Marketing | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | |
| Insurance | $ 7,000.00 | $ 7,000.00 | $ 7,000.00 | |
| CPA | $ 2,500.00 | | | |
| Bookkeepping | | | | |
| Trustee payment | | $ 1,260.00 | | |
| Attorney Fees | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | |
| Vehicle 1 leased | $ 1,531.69 | $ 1,531.69 | $ 1,531.69 | |
| Vehicle 2 leased | $ 1,261.56 | $ 1,261.56 | $ 1,261.56 | |
| Leased Equipment Trailer | $ 945.79 | $ 945.58 | $ 945.58 | |
| Admin Vehicle | $ 1,026.00 | $ 1,025.27 | $ 1,025.27 | |
| Fuel | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | |
| Repairs & Maintenenace | $ 300.00 | $ 300.00 | $ 300.00 | |
| Office Supplies | $ 500.00 | $ 500.00 | $ 500.00 | |
| Other: | | | | |
| Other: ____________ | | | | |
| **Total Expenses** | **$ 390,753.06** | **$ 438,753.90** | **$ 327,493.90** | **$ -** |
| | | | | |
| **NET PROFIT/(LOSS)** | **$ 2,579.94** | **$ 4,579.10** | **$ 5,839.10** | |

EXHIBIT B
Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| Huck Construction & Development Corp Inc | : | CASE NO: 26-21478-JRS |
| Debtor | : | |

INTERIM CONSENT ORDER AUTHORIZING USE OF CASH COLLATERAL

WHEREAS, Huck Construction & Development Corp Inc ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 USC § 101, et seq., (as amended, modified or supplemented, the "Bankruptcy Code") on September 11, 2026 (the Petition Date").

WHEREAS, Debtor filed a Motion to Authorize the Use of Cash Collateral (the "Motion"), wherein the Debtor sought authority to use Cash Collateral (as the term is defined by §363 of the Bankruptcy Code);

WHEREAS, the Motion came before the Court on an emergency hearing on _______ 2026. In attendance were John Roberts (Debtor's representative); Ian M. Falcone (Debtor's attorney); _________, (Counsel for ___________), and ______________ for the US Trustee's

office;

WHEREAS, in the Motion, the Debtor asserts that it requires the use of Cash Collateral to avoid immediate and irreparable harm and it will be unable to pay its normal operation expenses absent the use of cash collateral.

WHEREAS, the Motion asserted that:

a. The debt to Retail Capital LLC dba Credibly ("Credibly") has been paid in full, thus, it does not have an interest in cash collateral.

b. The debt to CT Corp Systems as representative (believed to be Headway Capital with an associated debt of $21,350.52) is not secured by cash collateral.

c. The debt to CT Corp Systems as representative (believed to be Terrapin Business Funding with an associated debt of $48,076.92) is not secured by cash collateral.

d. The debt to CT Corp Systems as representative (believed to be Terrapin Business Funding with an associated debt of $19,841.24) is not secured by cash collateral.

e. The debt to CT Corp Systems as representative (believed to be SQ Advance with an associated debt of $20,349.12) may be secured by accounts receivables which might be worth $15,000.

WHEREAS, at the hearing, Debtor's counsel announced that the value of the Debtor's Accounts Receivable at the time of filing might be worth $15,000.

WHEREAS, Debtor has proposed the following regarding the cash collateral on a temporary basis: As adequate protection for the cash collateral expended pursuant to the Interim Order, Creditors shall be given replacement liens, to the same extent and validity of those liens that presently exist in the same order of priority as existed pre-petition.

Accordingly, it is hereby ORDERED AND ADJUDGED that:

(a) Debtor shall be authorized to use cash collateral as stated in this Order.

(b) Debtor is authorized to use the Cash Collateral in accordance with the budget attached to the Motion as Exhibit A ("Budget") or in an amount hereafter mutually agreed upon by the Parties or as modified by the Court. A 10% variance per each category, or the actual cost whichever is greater, listed on the Budget, except for "owner compensation" is permitted.

(c) The use of the cash collateral shall continue until one or more of the following events or conditions: (1) the conversion or dismissal of this Chapter 11 case, (2) the Debtor's failure to duly and punctually perform any of its obligations under this Order, or (3) this Order being amended, vacated, stayed, reversed or otherwise modified.

(d) As partial adequate protection to Creditors, for the Debtor's use of Cash Collateral, Creditor is hereby granted replacement liens on post-petition property of the same validity, extent, and priority and upon the same Cash Collateral as each entity's pre-petition liens. Creditors shall not be required to file financing statements or other documents in any jurisdiction or take any other action in order to validate or perfect the security interests and liens granted pursuant to the provisions of this Order, and such security interests and liens shall be deemed automatically perfected upon entry of this Order. The security interests and liens granted herein shall secure an amount equal to the aggregate amount or value of the cash collateral used or consumed in which the entity has a valid perfected interest.

(e) Nothing contained in this Order shall be deemed to constitute a finding with respect to the adequacy of the protection of the interests of any entity's use in cash collateral or a waiver by any entity of its right to seek additional relief or adequate protection from the Court, whether pursuant to a separate motion or otherwise. Nothing herein shall be deemed to constitute a waiver by any entity of its rights to seek other relief in this Chapter 11 case, including, without

limitation, the right to move for relief from the automatic stay, to seek a dismissal or conversion of this Chapter 11 case, or to seek the appointment of a trustee or examiner.

(f) Nothing herein shall be construed as or constitute a finding of the validity, extent, or priority of any security interest and liens. The Debtor specifically reserves the right to challenge the extent, validity, and priority of any and all security interests and liens asserted by and entity.

(g) The Court will hold a hearing on Motion at ____ **AM**. on the ____day of ______ **2026** in Courtroom ___, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, which must be attended in person unless otherwise directed by the Court.

(h) Promptly after entry of this Order, the Debtor shall serve a copy of this Order by first class mail to all creditors and parties in interest and file proof of such service within three days thereafter.

END OF DOCUMENT

Presented by:

/s/IAN M. FALCONE
Ian M. Falcone
Attorney for Debtor
GA Bar No: 254470
363 Lawrence Street
Marietta, GA 30060
770-426-9359
imf@falconefirm.com