UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HUCK CONSTRUCTION AND DEVELOPMENT CORP., INC. | ) | Case No. 26-21478-JRS |
| | ) | Judge Sacca |
| Debtor. | ) | |
| NIMO VENTURES, LLC, | ) | |
| Movant, | ) | |
| v. | ) | Contested Matter |
| HUCK CONSTRUCTION AND DEVELOPMENT CORP., INC., | ) | |
| Debtor/Respondent. | ) | |

NOTICE OF HEARING

PLEASE TAKE NOTICE that Nimo Ventures, LLC ("Nimo") has filed the Motion of Nimo Ventures, LLC for Relief from the Automatic Stay to Terminate Construction Contract and Pursue Construction Dispute (the "Motion") seeking relief from the automatic stay as further described in the Motion.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion on **December 1, 2026**, the calendar call for which will be at **10:30 a.m. in Courtroom 103, Federal Building, 121 Spring Street, SE, Gainesville, GA 30501**, which calendar call may be attended in person or via the Court's Virtual Hearing Room. Except as explained in the hearing procedures on Judge Sacca's Chambers webpage, any matter held ready at the calendar call for the Court to hear shall be heard later that day in person at either 11 a.m. or 1 p.m. as mutually requested by the parties in the Courtroom listed above. Please check the "Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, which includes a link to Judge Sacca's Chambers webpage, for more information and instructions on how to participate in Court hearings. You should also review the "Hearing Information" tab on Judge Sacca's Chambers webpage for further information about the procedures for the hearing. If the parties do not mutually agree to have the matter heard in person at 11 a.m. (or such other time agreed to by the parties and approved by the Court, such as 11:30 a.m. that day), the matter will be heard in person at 1 p.m. that day.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, 121 Spring Street SE, Room 120, Gainesville, GA 30501. You must also mail a copy of your response to the undersigned at the address stated below.

This 18th day of November, 2026.

KELLEY LAW LLC

By: *_/s/ Charles N. Kelley, Jr._*
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Counsel for Nimo Ventures, LLC

P.O. Box 2758
Gainesville, GA 30503
(770) 531-0007
charles@charleskelley.law

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HUCK CONSTRUCTION AND DEVELOPMENT CORP., INC. | ) | Case No. 26-21478-JRS |
| | ) | Judge Sacca |
| Debtor. | ) | |
| NIMO VENTURES, LLC, | ) | |
| Movant, | ) | |
| v. | ) | Contested Matter |
| HUCK CONSTRUCTION AND DEVELOPMENT CORP., INC., | ) | |
| Debtor/Respondent. | ) | |

MOTION OF NIMO VENTURES, LLC FOR
RELIEF FROM THE AUTOMATIC STAY TO TERMINATE
CONSTRUCTION CONTRACT AND PURSUE CONSTRUCTION DISPUTE

Nimo Ventures, LLC ("Nimo"), by counsel, moves under 11 U.S.C. § 362(d)(1) and Federal Rules of Bankruptcy Procedure 4001(a) and 9014 for modification of the automatic stay to permit Nimo to exercise its contractual termination rights concerning the Juici Patties construction project and to pursue the resulting construction dispute through mediation, arbitration, and any appropriate judicial proceedings. Nimo requests liquidation of liability and damages, while preserving this Court's control over collection from the Debtor and its estate. In support, Nimo shows the Court as follows:

## JURISDICTION AND PARTIES

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. Huck Construction and Development Corp., Inc. ("Debtor" or "Huck") is the debtor in the above-captioned Chapter 11 case. Nimo is a creditor and asserts rights as the owner contracting for the construction work described below. Nimo is a party in interest entitled to request relief under § 362(d).

3. The dispute concerns the agreement effective April 10, 2026, for Project No. 2840001, the Juici Patties restaurant buildout at 2705 University Square Drive, Tampa, Florida 33612 (the "Agreement" and "Project"). Nimo asserts that the Agreement governs its construction relationship with the Debtor. A true and correct copy of the Agreement is attached hereto as Exhibit A and incorporated by reference herein.

## CONTRACT AND CONSTRUCTION DISPUTE

4. The Agreement states an initial contract price of $469,479.00, subject to authorized changes, and provides for substantial completion within 120 calendar days after the defined Commencement Date, subject to contractual extensions. Sections 2.1, 2.2, 2.4, and 2.10 require the contractor to supply the labor and materials, perform work properly and in conformity with applicable requirements, timely complete the work, and remain responsible for subcontracted work. Nimo disputes that Huck has fulfilled these obligations; the extent of any compensable delay remains to be determined under the Agreement.

5. Sections 6.1 and 6.3 tie progress payments to work performed and materials stored at the Project and require supporting lien waivers and, for stored materials, proof of delivery. Section 6.3 permits specified withholding for defective work not remedied after reasonable notice, nonpayment of undisputed subcontractor or supplier obligations, repeated failure to perform in accordance with the contract documents, and liens not removed or bonded off within twenty business days. It also requires the owner to promptly identify payment disputes and pay the amount the owner claims is currently owed.

6. Section 6.3 further requires continued performance during a payment dispute unless the total unpaid amount claimed by the contractor exceeds twenty-five percent of the Contract Price. Sections 6.4 and 6.5 address final payment, closeout documents, lien waivers, and the contractor's warranty concerning liens on work for which it has received payment. These provisions are central to the parties' dispute over payment, completion, and subcontractor claims.

7. Section 8.1 permits the owner to give written notice of contractor default and five calendar days to cure. If the contractor fails to commence curing within that period, the owner may terminate for cause in writing. It also addresses reasonable completion costs exceeding the unpaid contract balance to the extent caused by the contractor. Nimo seeks permission to complete that contractual process and, if the contractual conditions are satisfied, terminate the Agreement and retain a replacement contractor.

8. On October 28, 2026, Nimo's representative notified Huck of incomplete work, difficulty obtaining status reports, outstanding inspections, and concerns about subcontractor payments and supervision. The notice also reported that the exterior-door

key had been left in the door and the lockbox left open on October 27 while the site was unattended and requested a written completion and inspection schedule.

9. An October 30, 2026, site assessment performed by Nimo's architect identifies unfinished or corrective work involving, among other things, doors and finishes, plumbing connections, electrical wiring and fixtures, HVAC components, and the installation of a special order ceiling.

10. On November 4, 2026, Nimo sent Huck a formal written dispute of its most recent payment application, which requested $64,348.65 and represented the scheduled line items as fully complete. Nimo identified incomplete or defective work, outstanding testing and inspections, missing supporting documentation, and lien concerns, and requested a corrected, supported application. The notice identified eight disputed line items with a combined scheduled value of $194,056.57.

11. Nimo also identified a recorded claim of lien by Bella Plumbing for $41,064.80 (the "Bella Plumbing Lien"). The records of Nimo and Huck's prior pay applications indicate that Huck has been paid in full for that work. To date the Bella Plumbing Lien remains on the property and exposes Nimo to liability and a potential default under its lease with its landlord.

12. On November 10 Huck sent a written demand pursuant to Section 8.2 of the Agreement in which it demanded cure of an asserted payment default within five calendar days of receipt, and reserved suspension, termination, collection, and lien remedies. Huck also asserted claims for additional general conditions, including seventy-seven additional calendar days, change orders, retainage, and other amounts.

CAUSE EXISTS TO MODIFY THE STAY

13. Section 362(d)(1) of the Bankruptcy Code authorizes relief from the automatic stay for cause, including modification or conditioning of the stay. The determination is committed to the Court's discretion. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989). Although Nimo does not concede that the Agreement between the parties constitutes property of the estate, in an abundance of caution Nimo requests relief to the extent the stay applies to the proposed termination and proceedings, including under § 362(a)(1) and (3).

14. Cause exists because Nimo needs to resolve the ongoing performance impasse and complete the restaurant buildout. The documented dispute concerns work already billed as complete, unfinished or corrective work, inspection and closeout requirements, and unresolved subcontractor-payment and lien issues. Keeping Nimo bound to an unresolved construction relationship while these matters continue impairs its ability to protect the Project, arrange completion, and mitigate further expense and delay. Nimo should be permitted to invoke the agreed default process without risking violation of the stay.

15. The requested relief is limited. It would not adjudicate whether a default exists, whether notice or an opportunity to cure was sufficient, whether Huck commenced an adequate cure, or whether termination is substantively valid. Those issues and the parties' claims and defenses remain for the appropriate tribunal. Huck would retain any claim for unpaid compensation or wrongful termination, and Nimo would remain responsible for compliance with the Agreement and applicable nonbankruptcy law.

16. To the extent the Agreement is executory, Nimo recognizes the Debtor's rights under Bankruptcy Code § 365 to cure the defaults and assume the contract. However, Nimo seeks termination of the stay based on performance defaults and the process set forth in the Agreement, not based on insolvency, the bankruptcy filing, or another condition barred by § 365(e)(1). This motion does not ask the Court to deem the Agreement rejected or to treat rejection as termination.

## RELIEF REQUESTED

17. Sections 9.1 and 9.2 of the owner-signed Agreement provide for mediation followed by arbitration in Tampa, Florida, under the applicable AAA Construction Industry rules, with AAA to be used if the parties cannot agree on the forum or arbitrator. Section 9.3 selects Florida law and states that venue will be in Tampa, Florida. Accordingly, Nimo requests relief to pursue those procedures and any related litigation in a court of competent jurisdiction, subject to determination of enforceability and the proper forum.

18. The stay should accordingly be modified to permit commencement, service, prosecution, and defense of the construction dispute through mediation, arbitration, discovery, trial or hearing, award, judgment, and appeals, including proceedings to compel arbitration or confirm, vacate, or modify an award. The relief should not authorize attachment, garnishment, execution, collection, or exercise of setoff against the Debtor or property of the estate. Bankruptcy allowance, classification, priority, and payment of any resulting claim remain reserved to this Court, subject to the applicable effect of the adjudication.

19. In addition, Nimo requests that the Court waive the fourteen-day stay of its order under Bankruptcy Rule 4001(a)(4), so that Nimo can promptly begin or complete the contractual notice process and address continuing completion and inspection issues.

WHEREFORE, Nimo Ventures, LLC respectfully requests entry of an order:

(a) Modifying the automatic stay, to the extent applicable, to permit Nimo to serve contractual default and cure notices and, upon satisfaction of all applicable contractual and legal conditions, terminate the Agreement in writing for cause;

(b) Permitting Nimo, following a lawful termination, to retain replacement contractors and take lawful steps to complete, correct, inspect, and close out the Project, including appropriate permit changes, subject to the estate-property limitations stated above;

(c) Permitting Nimo to commence and prosecute mediation, arbitration, and related court proceedings against Huck concerning the Project through final award or judgment and appeals, and permitting the Debtor to defend and assert its related claims and counterclaims in those proceedings;

(d) Maintaining the stay against collection and enforcement against the Debtor or estate property and against exercise of setoff absent further order;

(e) F. Waiving the fourteen-day stay under Bankruptcy Rule 4001(a)(4), without waiving contractual notice or cure requirements; and

(f) Granting such other and further relief as is just and proper.

Respectfully submitted this 18th day of November, 2026.

KELLEY LAW LLC

By: _/s/ Charles N. Kelley, Jr._
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Counsel for Nimo Ventures, LLC

P.O. Box 2758

Gainesville, GA 30503

(770) 531-0007

charles@charleskelley.law

CERTIFICATE OF SERVICE

I certify that I did this day file the above and foregoing Motion and Notice of Hearing with the Court via its CM/ECF system, which will provide electronic notice of the filing to:

Ian M. Falcone imf@falconefirm.com

This 18th day of November, 2026.

KELLEY LAW LLC

By: *_/s/ Charles N. Kelley, Jr._*
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Counsel for Nimo Ventures, LLC

P.O. Box 2758
Gainesville, GA 30503
(770) 531-0007
charles@charleskelley.law